IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBI COUGHLIN,                      )
                                     )
                Plaintiff,           )    2:08-cv-02772-GEB-JFM
                                     )
        v.                           )    <u>TENATIVE PRETRIAL ORDER</u>
                                     )
CALIFORNIA DEPARTMENT OF             )
CORRECTIONS AND REHABILITATION       )
and TOM MAUGERI,                     )
                                     )
                Defendants.          )
────────────────────────────────────)

        This is a tentative final pretrial order and a warning
concerning a pending default matter, and Defendant California
Department of Corrections and Rehabilitation's ("CDCR") indication
that it will be without counsel when trial is scheduled to
commence.  The final pretrial conference is scheduled for May 24,
2010.  Nevertheless, CDCR's counsel indicated in the parties' Joint
Pretrial Conference Statement ("JPTC") that CDCR's counsel is
unavailable for this duly scheduled trial.  However, CDCR failed to
file a timely motion to change the trial date, still has not filed

a motion under the applicable standard, and CDCR's late indication
that it will be without counsel when trial is scheduled to commence
suggests that CDCR's answer should be stricken and this action
considered a default matter against CDCR.  This is because CDCR has
known since February 26, 2009, that trial is scheduled to commence
at 9:00 a.m. on August 31, 2010, and yet CDCR indicates it can
disregard the Status Order in which the trial commencement date is
prescribed.  (See Status Order filed February 26, 2009, in which
the judge states: "Trial is set for August 31, 2010, commencing at
9:00 a.m.," and "[t]he parties are cautioned that the lead attorney
who WILL TRY THE CASE for each party shall attend the final
pretrial conference.").

I.  <u>DEFAULTED PARTY</u>

The Clerk of Court entered default as to Defendant Tom
Maugeri on September 15, 2009.  Plaintiff has not prosecuted the
default, says nothing about prosecuting the default in the JPTC,
and thus indicates this defendant should be dismissed for failure
of prosecution.

Plaintiff alleges three claims against Maugeri:
(1) sexual harassment under Title VII of the Civil Rights Act of
1964, §§ 701 *et seq.*, 42 U.S.C. §§ 2000e *et seq.* ("Title VII");
(2) sexual harassment under the California Fair Employment and
Housing Act, California Government Code §§ 12940 *et seq.* ("FEHA");
and (3) retaliatory harassment under FEHA.  However, Plaintiff's
retaliatory harassment claim against Maugeri is not a cognizable
claim and is therefore dismissed.

///

///

2

II.   <u>PLAINTIFF'S CLAIMS AND DEFENDANT CDCR'S AFFIRMATIVE DEFENSES</u>

A.   Plaintiff alleges under Title VII that Defendant is
     vicariously liable for Maugeri's sexual harassment of her
     occurring on and after October 13, 2007, premised on
     Plaintiff's assertion that she reasonably believed Maugeri was
     her supervisor commencing on October 13, 2007.

     1.   CDCR asserts the "reasonable care" affirmative defense,
          premised on its contention that Plaintiff unreasonably
          failed to take advantage of any preventive or corrective
          opportunities that CDCR provided, or to otherwise avoid
          harm.

B.   Plaintiff also alleges under FEHA that CDCR is vicariously
     liable for Maugeri's sexual harassment occurring on and after
     October 13, 2007, premised on Plaintiff's assertion that she
     reasonably believed Maugeri was her supervisor commencing on
     October 13, 2007.

     1.   CDCR asserts that should Plaintiff prevail on this claim,
          Plaintiff's damages should be reduced or eliminated due
          to her failure to take advantage of available
          preventative or corrective mechanisms.

III.   <u>DISPUTED EVIDENTIARY ISSUES</u>

     The parties shall meet and confer for the purpose of
resolving evidentiary disputes.  Any unresolved evidentiary dispute
capable of being resolved in limine shall be set forth in an in
limine motion filed no later than June 14, 2010 at 4:30 p.m.  An
opposition or non-opposition statement to any filed in limine
motion shall be filed no later than June 23, 2010 at 4:30 p.m.  A
hearing on any in limine motions is hereby scheduled for August 2,

2010 at 9:00 a.m.  **Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis.**

IV.   <u>TRIAL BRIEFS</u>

Trial briefs shall be filed no later than <u>twenty-eight (28) days prior to the trial commencement date</u>.  **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."**  E.D. Cal. R. 285(a)(3).  Although not required to do so, opposing counsel may file and serve on all other parties an answering brief no later than twenty-one days prior to the trial commencement

V.   <u>WITNESSES</u>[1]

A.   Plaintiff anticipates calling the witnesses listed in section ten of the JPTC.  Defendant objects to the following witnesses because they were not included in Plaintiff's initial disclosure: Carolyn Fowle, Craig Enos, Dr. Edward Duncan, and Dr. Ira Fishman.

B.   Defendants anticipate calling the witnesses listed in section ten of the JPTC.

C.   Each party may call a witness designated by the opposing party who has not been objected to.

D.   No person, other than those named on these witness lists, will be permitted to testify unless:

---

[1]   This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

(1)     The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2)     The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E.     If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and the opposing party of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify. The witness will be not be permitted to testify unless:

(1)     The witness could not reasonably have been discovered prior to the pretrial conference;

(2)     The Court and opposing counsel were promptly notified upon discovery of the witness;

(3)     If time permitted, counsel offered the witness for deposition; and

(4)     If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

## VI.   <u>EXHIBITS</u>[2]

A.     Plaintiff anticipates offering the exhibits listed on Plaintiff's Exhibit List attached to the JPTC.

---

[2]     This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

B.   Defendants anticipate offering the exhibits listed on
     Defendant's Exhibit List attached to the JPTC.

C.   No other exhibits will be permitted to be introduced
     unless:

     (1)  The party seeking to use the unlisted exhibit
          demonstrates that the exhibit is being used to rebut
          evidence which could not reasonably have been
          anticipated at the pretrial conference; or

     (2)  The unlisted exhibit was discovered after the
          pretrial conference and the offering party makes the
          showing required in paragraph "D", below.

D.   Any party proposing to introduce an exhibit which was
     discovered after the pretrial conference shall promptly
     notify the Court and opposing counsel of the existence of
     such exhibit.  The Court will not permit any such exhibit
     to be introduced unless it finds:

     (1)  That the exhibit could not reasonably have been
          discovered prior to the pretrial conference;

     (2)  The Court and counsel were promptly informed of the
          exhibit's existence; and

     (3)  That the offering party has delivered a copy of the
          exhibit to opposing counsel, or, if the exhibit may
          not be copied, that the offering counsel has made
          the exhibit reasonably available for inspection by
          opposing counsel.

E.   Plaintiff's exhibits shall be numbered and marked with
     colored stickers provided by the Court while Defendants'
     exhibits shall be designated by alphabetical letter also

1             marked with colored stickers provided by the Court.  To

2             obtain stickers, parties should contact the Clerk of

3             Court at (916) 930-4000.

4     F.    The parties are directed to exchange with each other, at

5             least thirty (30) court days prior to the trial

6             commencement date, copies of all of their respective

7             exhibits, marked with exhibit stickers provided by the

8             Court.  Within five (5) court days after receipt and

9             examination of the exhibits, each party shall file with

10            the Court and serve upon opposing counsel objections, if

11            any, to the exhibits, referencing the exhibits as marked

12            by exhibit sticker and specifying the basis for each

13            objection.[3]  Failure to exchange exhibits as ordered

14            could result in the exhibit not being used at trial

15            and/or the imposition of sanctions.  The failure to make

16            objections in the manner prescribed by this section shall

17            constitute a waiver of objections.  A party seeking to

18            admit into evidence an exhibit to which no objection was

19            made must identify said exhibit for the record and then

20            move it into evidence.

21     G.    Counsel shall produce all exhibits to the Clerk's Office

22            no later than 4:00 p.m. on the Friday before the trial

23            commencement date.  At that time, the parties shall also

24            furnish the Court with a copy of each exhibit, unless the

25            exhibit is physically incapable of being reproduced.

26            Failure to produce exhibits as ordered could result in

27

28       [3]  The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

7

1          waiver of the right to offer those exhibits.  Each party
2          submitting exhibits shall furnish a list to the Court,
3          the courtroom deputy and opposing counsel itemizing the
4          exhibits.

5   VII.  <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

6   A.     It is the duty of counsel to ensure that any depositions
7          which are to be used at trial for any purpose shall have
8          been filed with the Clerk, and counsel are cautioned that
9          a failure to discharge this duty may result in preclusion
10         of the use of the unfiled depositions or in the
11         imposition of such other sanctions as the Court deems
12         appropriate.

13  B.     No later than twenty (20) court days before the trial
14         commencement date, counsel for each party shall serve on
15         the other parties a statement designating all answers to
16         interrogatories and all portions of depositions (except
17         for passages to be used solely for refreshing
18         recollection, impeachment or rebuttal).  No later than
19         ten (10) court days before the trial commencement date,
20         counter-designations of other portions of these discovery
21         documents may be served.  No later than five (5) court
22         days before the trial commencement date, the parties
23         shall file and serve any preserved evidentiary objections
24         to any designated discovery, or said objections are
25         waived.

26        VIII.  <u>FURTHER DISCOVERY OR MOTIONS</u>

27         Pursuant to the Court's Pretrial Scheduling Order, all
28  discovery and law and motion was to have been completed prior to

1 | the date of the final pretrial conference.  That order is
2 | confirmed.  The parties are, of course, free to conduct any
3 | additional discovery they desire pursuant to informal agreement.
4 | However, any such agreement will not be enforceable in this Court.

5 | IX.  <u>AGREED STATEMENT</u>

6 | The parties shall submit a short, jointly-prepared
7 | statement concerning the nature of this case that can be read to
8 | the jury at the commencement of trial.  The statement shall be
9 | provided to the Court no later than seven (7) court days before the
10 | trial commencement date.  If the parties fail to do this, they may
11 | be required to give their respective opening statements before voir
12 | dire.  Separate statements shall be submitted if agreement is not
13 | reached.

14 | X. <u>JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS</u>

15 | A.  Jury instructions shall be filed no later than twenty-
16 | eight (28) days before trial.  Proposed voir dire and a
17 | verdict form shall be filed no later than seven (7) court
18 | days before trial.  A special verdict or interrogatories
19 | shall be included for all factual disputes submitted to
20 | the jury that must be resolved before questions of law
21 | can be decided.

22 | B.  The parties are directed to confer and to attempt to
23 | agree upon a joint set of jury instructions and verdict
24 | form.  As to instructions on which there is dispute, the
25 | parties shall adhere to the following procedure: the
26 | party offering the disputed instruction(s) shall submit
27 | the instruction(s) as its proposed jury instruction(s),
28 | shall submit authority in support of the proposed

1    instruction(s) and shall number the disputed

2    instruction(s) in a manner that shows where each disputed

3    instruction should be placed in the tendered agreed upon

4    instructions.

5    C.   At the time of electronic filing of the jury instructions

6    and verdict forms, the parties shall also submit a copy

7    of the sanitized joint jury instructions, the sanitized

8    disputed jury instructions, and the joint verdict forms

9    to the Court by email to geborders@caed.uscourts.gov in

10   accordance with L.R. 163(b)(1).

11   D.   Most of the examination of prospective jurors will be

12   conducted by the Court.  The parties are directed to meet

13   and confer and attempt to agree upon a joint set of

14   proposed voir dire questions and shall file proposed voir

15   dire questions no later than seven (7) court days prior

16   to the trial commencement date.  Each side is granted

17   twenty (20) minutes to conduct voir dire following the

18   Court's questioning of prospective jurors.

19           XI. USE OF STRUCK JURY SELECTION SYSTEM

20       Eight jurors will be impaneled.  The "struck jury" system

21   will be used to select the jury.[4]  At the beginning of the voir

22

23   _____

24       [4]     As explained in United States v. Blouin, 666 F.2d 796,
     798 (2d Cir. 1981), "the goal of the 'struck jury' system is to
25   whittle down an initially selected group . . . [to the amount of
     jurors] who will serve as the petit jury."  The selected group
26   consists of the jurors who will hear the case, plus the number of
     jurors required to enable the parties to use the combined number of
27   peremptory challenges allotted to both sides for striking jurors
     from the group.  Typically extra jurors are included in the select
28   group in the event the minimum amount of jurors required for the
     "struck system" is reduced "for cause" or some other reason.

dire process, approximately twenty prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire. The order of the jurors' random selection is reflected by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The parties were informed at the final pretrial conference where the remaining prospective jurors will be seated.  The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight is excused for some reason.  Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming the seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take turns exercising its three (3) allotted peremptory strikes.  If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.

///

///

XII.   <u>TRIAL DATE</u>

Trial to a jury will commence on August 31, 2010.  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  Each side has twenty (20) minutes within which to make an opening statement to the jury and sixty (60) minutes within which to make a closing argument.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to the trial commencement date to ascertain the status of the trial date.

Dated:  May 21, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge